George Edward **LEONARD**

v.

The **UNITED STATES**.

No. 182–55.

United States Court of Claims. Nov. 7, 1956.

Richard T. Brewster, Kansas City, Mo., for plaintiff.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

On August 17, 1942, plaintiff was given a temporary commission as a first lieutenant in the Army of the United States, for the duration of the war and six months thereafter, unless sooner terminated.

In April 1943 plaintiff was found by an Army Retiring Board to be physically incapacitated for active service, that his disability was not service connected, and he was accordingly on May 3, 1943, issued an honorable discharge (effective on that date) for physical disqualification.

On March 8, 1945, an Army Retiring Board set aside the previous findings, including the finding that plaintiff's incapacity was not the result of an incident of the service, and on March 10, 1945, the Secretary of War approved the findings of March 9, [sic] 1945, of the Retiring Board and directed that plaintiff be certified to the Veterans Administration as entitled to retirement pay under the act of April 3, 1939, 53 Stat. 555, 557.

Since his discharge plaintiff has held various positions as a civilian employee of the Government. During these periods of employment plaintiff's retirement pay has been withheld under section 212(a) of the Economy Act of 1932, 47 Stat. 406, 5 U.S.C.A. § 59a, which forbids, inter alia, a civilian employee from drawing retired pay on account of service as a commissioned officer in excess of the amount necessary to make that amount plus his salary as civilian equal to $3,000 per annum.

Concededly plaintiff is subject to this limitation unless it has been repealed or unless he is exempt from its provisions.

That it has not been repealed is evident from the fact that section 212 was on August 4, 1955, amended by section 2 of Public Law 239, 84th Congress, 1st session, 69 Stat. 498, simply by raising the limitation to a higher amount, thus recognizing that the limitation was still in effect. The terms of that amendment are not applicable here.

The only other basis of recovery is plaintiff's claim that his status is that of a retired member of the Officers' Reserve Corps and that he is therefore entitled to the provisions of the act of July 1, 1947, 61 Stat. 238, 239, 10 U.S.C.A. § 371b,

"'* * * No existing law shall be construed to prevent any member of the Officers' Reserve Corps or the Enlisted Reserve Corps from accepting employment in any civil branch of the public service nor from receiving the pay incident to such employment in addition to any pay and

allowances to which he may be entitled under the laws relating to the Officers' Reserve Corps and Enlisted Reserve Corps, nor as prohibiting him from practicing his civilian profession or occupation before or in connection with any department of the Federal Government.'"

Plaintiff cites as authority this court's decision in Tanner v. United States, 125 F.Supp. 240, 129 Ct.Cl. 792. The officers' reserve corps named in the above-quoted statute and cited in the Tanner case, was the Officers' Reserve Corps of the Army.

Plaintiff alleges that since he was discharged from the Army Air Force because of an incapacity which a retiring board first found was non-service connected and which finding was later reversed and vacated and plaintiff certified to the Veterans Administration for retirement pay, he automatically becomes a member of the reserve component and therefore entitled to the exemption stipulated in section 371b supra.

We do not think this particular provision of the statute applies to him nor that he can be regarded as a member of any reserve component.

The statute, section 371b, supra, serves to exempt longevity retired members of reserve components from the dual compensation restriction of section 212(a) of the Economy Act of 1932.

Because of his absolute discharge from the armed services by reason of physical disability plaintiff is not a member of the Officers' Reserve Corps.

■ Plaintiff asserts that he is of the belief that he is at present and has been at all times since his discharge from the armed services on May 3, 1943, a member of a reserve component since his name is carried on the AFUS retirement list. In the first place, the retirement list contained in that register "consists of those Air Force officers of other than the Regular Air Force who are granted retired pay under provision of law."

(Air Force Register, January 1, 1956, p. 603.) This register, established pursuant to section 301(a) of Title III of the act of June 29, 1948, 62 Stat. 1087, 10 U.S.C.A. § 1036, contains a list of those who hold or have held commissions and who are drawing retired pay.

Plaintiff was discharged on May 3, 1943. He was not retired nor released to inactive duty, but discharged from his commission as lieutenant and fully released from the armed services. He was no longer subject to any form of military discipline and could not be called back to serve as an officer without first being appointed by the President.

The subsequent reversal of the Retiring Board's action holding that plaintiff had a non-service connected disability and the holding that it was service-connected, did not confer upon plaintiff any status as an officer. He remained a civilian and was simply entitled to the retired pay of an officer who was discharged because of physical disability, service-connected. McBlair v. United States, 19 Ct.Cl. 528. He was granted retirement pay in accordance with the act of April 3, 1939, supra, as of the date of his discharge. Since May 3, 1943, he has had no connection with the armed services other than his right to compensation for a disability he incurred while serving on military duty.

It is manifest, therefore, that plaintiff, unlike Tanner, has not since his discharge been a member of a reserve component.

The record is such as to make the essential facts indisputable, and it would be a waste of time and an added expense to both plaintiff and defendant to refer the case to a trial commissioner for hearing.

The defendant's motion for summary judgment is granted and the petition is dismissed.

LARAMORE, MADDEN and WHITAKER, Judges, concur.

LITTLETON, Judge, dissents.